IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TONY T. BLACK**,

    Plaintiff,

    v.

**UNITED STATES OF AMERICA, et al.**,

    Defendants.

No. 3:10-cv-01321-MO

OPINION AND ORDER

**MOSMAN, J.**,

Pro se plaintiff Tony Black, a federal inmate, brings this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). The United States, the Federal Bureau of Prisons (the "BOP"), and Dr. Mohammed Aslam moved to dismiss [37] pursuant to Fed. R. Civ. P. 12(b)(1), arguing plaintiff's claims are time-barred and I therefore lack jurisdiction. Plaintiff responded with a motion for leave to amend his complaint, which I granted. I directed plaintiff to plead the jurisdictional basis for his claims, including if and when he sent FTCA notices, and I ordered that the motion to dismiss would be directed at the amended pleading. Plaintiff then filed a document describing proposed amendments, and I ordered him to instead file an amended pleading. He did so on February 16, 2012 [58]. For the reasons explained below, I now grant the motion to dismiss [37].

1 – OPINION AND ORDER

**STANDARD**

A Rule 12(b)(1) motion to dismiss challenges subject matter jurisdiction. A court generally accepts as true the allegations in the complaint. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). However, "the moving party may submit affidavits or any other evidence properly before the court." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (quotation omitted). "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Id*.

**DISCUSSION**

Mr. Black alleges two types of misconduct. First, he alleges that from 1996 to 2007 several BOP doctors, including Dr. Aslam, prescribed him medication to combat a shoulder injury, which damaged his kidneys. Based on this kidney damage, Mr. Black raises a *Bivens* claim for a violation of the Eighth Amendment and a claim under the FTCA and state law for "attempted homicide" and possibly negligence. Second, Mr. Black alleges he criticized Dr. Aslam, who retaliated by preventing Mr. Black's access to religious meals while Mr. Black was temporarily housed at Sea Tac Federal Detention Center in the summer of 2008. For this alleged misconduct, Mr. Black brings a *Bivens* claim against Dr. Aslam, based on a violation of Mr. Black's First Amendment rights. He also refers to an FTCA claim for this retaliation, although he does not identify a specific tort theory. Since different accrual rules apply, I will address the *Bivens* and FTCA claims separately.

**I. *Bivens* Claims**

"Although federal law determines when a *Bivens* claim accrues, the law of the forum state determines the statute of limitations for such a claim." *Papa v. United States*, 281 F.3d

1004, 1009 (9th Cir. 2002).  Under Oregon law, a two-year limitations period controls Mr. Black's claims.  Or. Rev. Stat. §§ 12.110(1), (4).  "[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (alteration in original).  Mr. Black filed this suit on October 21, 2010.  His *Bivens* claims are therefore timely only if they accrued after October 21, 2008.

As to the alleged kidney injury, Mr. Black attempted to file a "criminal complaint" on July 6, 2008, against many of the named defendants in this civil suit.  (*See* Am. Compl. [58] 13, Ex. 14-L).  He specifically alleged that medication BOP doctors prescribed to treat his shoulder injury had damaged his kidneys, and also that the doctors were trying to harm him.  At that point he knew of the injury that forms the basis of this action and his claim therefore "accrued" no later than July 6, 2008, even under a Rule 12(b)(6) standard.[1]  Mr. Black sued more than two years later.  Accordingly, the claim based on damage to Mr. Black's kidneys is time-barred. While not clear, Mr. Black also seems to raise a *Bivens* claim based on the delayed treatment of his shoulder injury (as opposed to the prescription of harmful drugs).  However, he filed a grievance raising this same claim in January of 2005.  (*Id*. at 9).  Thus, to the extent he attempts to bring a separate claim for this injury, it is untimely as well.

As to his First Amendment claim, Mr. Black alleges that he temporarily lost access to religious meals in July of 2008.  In fact, by the end of that month he had made essentially the same complaints to prison officials that he makes in this lawsuit.  (*Id*. at 19).  Accordingly, this

---

[1] The material described in this section is attached to, and referenced in, Mr. Black's complaint, so it may be considered under a Rule 12(b)(6) standard.  I therefore need not address whether a 12(b)(1) or 12(b)(6) standard applies to the motion to dismiss the *Bivens* claims.  *See, e.g., Elliot v. City of Union City*, 25 F.3d 800, 801 n.1 (9th Cir. 1994) (explaining that "the statute of limitations is not jurisdictional" in a suit brought under 42 U.S.C. § 1983); *Grancio v. De Vecchio*, 572 F. Supp. 2d 299, 309 n.4 (E.D.N.Y. 2008) ("[I]n a *Bivens* action, the statute of limitations does not present a jurisdictional issue.").

3 – OPINION AND ORDER

claim accrued in July of 2008—when Mr. Black knew of the alleged injury—and this claim is also time-barred.

## II. FTCA Claims

An FTCA claim must be filed with the appropriate federal agency within two years of the date the claim accrued; otherwise, a court lacks jurisdiction to review it. *See Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984) (citing 28 U.S.C. § 2401(b)).

> A claim accrues when a plaintiff knows that he has been injured and who has inflicted the injury. *United States v. Kubrick*, 444 U.S. 111, 122–23, 100 S. Ct. 352, 62 L.Ed.2d 259 (1979). Accrual of a claim does not "await awareness by a plaintiff that his injury has been negligently inflicted." *Id.* at 123, 444 U.S. 111, 100 S. Ct. 352, 62 L.Ed.2d 259. As we have pointed out, "It is well settled that the limitations period begins to run when the plaintiff has knowledge of injury and its cause, and not when the plaintiff has knowledge of legal fault." *Rosales v. United States*, 824 F.2d 799, 805 (9th Cir. 1987).

*Winter v. United States*, 244 F.3d 1088, 1090 (9th Cir. 2001). And, even if a plaintiff subjectively does not know of an injury or its cause, accrual occurs when the plaintiff, "in the exercise of reasonable diligence," should have known facts sufficient to trigger accrual. *Herrera-Diaz v. United States Dept. of Navy*, 845 F.2d 1534, 1536 (9th Cir. 1988) (quotation omitted). On April 16, 2010, Mr. Black filed an FTCA notice, which solely addressed his claim for kidney damage. (Vickers Decl. [39] Ex. 2). Thus, that claim is barred if it accrued by April 16, 2008.[2]

Plaintiff alleges that on January 17, 2006, he wrote to Dr. Aslam, complaining that his vision was blurry, and that he thought "that the residual effect of the prolonged utilization of all the medications [he was] taking is the reason for this problem." (Am. Compl. [58] Ex. 12). In September of 2007, Dr. Dhaliwal told plaintiff at a chronic care appointment that the drugs he

---

[2] Plaintiff has not alleged that he provided any other FTCA notices, despite my express direction that he allege the date for all relevant FTCA notices. Accordingly, to the extent he seeks to bring any FTCA-based claims for a different injury, those claims fail.

4 – OPINION AND ORDER

was receiving were damaging his kidneys. (*Id*. Ex. 1). Mr. Black then wrote to Dr. Dhaliwal, asking Dr. Dhaliwal to explain why his dosage of a particular drug was being increased, since it was damaging his kidneys. (*Id*.). In October of 2007, Dr. Dhaliwal told plaintiff he had less than eight years to live. (*Id*. at 11). Mr. Black alleges he "immediately" fell into a state of despair, fear, mistrust, and helplessness. (*Id*.). By October of 2007, Mr. Black thus had been told his kidneys were damaged, that they were damaged by drugs he received from his BOP doctors, and that the damage was serious. Plaintiff therefore knew, or reasonably should have known, "that he ha[d] been injured and who ha[d] inflicted the injury." *Winter*, 244 F.3d at 1090. Mr. Black argues his claim did not "accrue" for FTCA purposes until May of 2008, when another doctor explained in detail the nature and extent of his kidney damage. This argument fails because "a claim does not wait to accrue until a party knows the precise extent of an injury." *Raddatz v. United States,* 750 F.2d 791, 796 (9th Cir. 1984).[3]

## CONCLUSION

I GRANT the motion to dismiss [37]. Plaintiff's claims against the United States, the Federal Bureau of Prisons, and Dr. Aslam are DISMISSED with prejudice. Since the claims against the other named BOP employees suffer from the same problem, they are DISMISSED *sua sponte*. Plaintiff also refers to a claim against the manufacturer of one of the drugs at issue and that company's directors and officers. However, he has not stated a separate claim against these parties, let alone a claim that meets the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nor has he adequately alleged federal jurisdiction over a

---

[3] Parts of plaintiff's complaint specifically blame one drug, Naproxen, for his injuries, although he generally blames the "toxic combination" of multiple drugs. (*E.g*., Am. Compl. [58] 29). Even if his claim were limited to Naproxen, which it is not now, it would fail since Mr. Black was aware BOP physicians caused the injury by prescribing drugs. Moreover, knowing that drugs he was prescribed were causing serious kidney damage, through the exercise of reasonable diligence plaintiff should have discovered before April of 2008 that Naproxen may have played a role in the damage. Indeed, the information Mr. Black now relies on as evidence that Naproxen harmed his kidneys consists of readily available sources, such as web pages that summarize side effects of the drug.

claim against these parties or attempted to explain why these claims would not also be untimely. Plaintiff has now had three opportunities to file a valid complaint. Providing another opportunity to state a claim against these private parties would be futile and I therefore DISMISS this case in its entirety.

IT IS SO ORDERED.

DATED this   13th   day of March, 2012.

                                                           /s/ Michael W. Mosman
                                                           MICHAEL W. MOSMAN
                                                           United States District Court